Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NHU QUYNH NGUYEN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL, INC., a foreign corporation;<br><br>Defendant. | Case No.: 2:24-cv-00868<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, Nhu Quynh Nguyen ("Plaintiff"), by and through the undersigned counsel, and for her claims for relief against Defendant, PayPal, Inc. ("PayPal"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for actual damages, statutory damages, and attorney's fees for PayPal's violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* and Regulation Z issued thereunder, the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.*, and related state law claims.

2. This court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because each claim is so related in the action that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, each claim involves the same account, transactions, and series of events.

3. This court has jurisdiction over this matter under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

4. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and PayPal reside and/or do business in the District of Nevada.

5. Under 28 U.S.C. § 1391(b), venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

6. Plaintiff is a natural person who resides in Clark County, Nevada, and is a "person" under Regulation E in 12 C.F.R. 1005.2(j).

7. Plaintiff is a "consumer" under 15 U.S.C. § 1693a(6).

8. PayPal is a foreign corporation doing business in the State of Nevada.

9. PayPal is a "financial institution" under 15 U.S.C. § 1693a(9) since it directly and indirectly holds accounts belonging to consumers.

10. PayPal is a "person" under Regulation E in 12 C.F.R. 1005.2(j) since it is a corporation.

11. At all relevant times, PayPal, in the ordinary course of business, regularly extended open-ended consumer credit on which it assessed finance charges.

**FACTUAL ALLEGATIONS**

12. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

13. Plaintiff is a victim of identity theft.

14. Plaintiff maintains a deposit account with PayPal that constitutes an "account" under 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1) (the "Account") that is primarily for personal, family, or household purposes.

15. On January 21, 2024, Plaintiff received notifications from PayPal indicating that her Account was used to make the following fraudulent eBay purchases that she did not approve or authorize (the "Fraudulent Charges"):

- January 21, 2024 - $2,275.86 (Dispute Case ID: PP-R-GPL-512887449)
- January 21, 2024 - $2,275.86 (Dispute Case ID: PP-R-DYR-512887450)

- January 21, 2024 - $2,679.52 (Dispute Case ID: PP-R-ONY-512887451)
- January 21, 2024 - $2,151.19 (Dispute Case ID: PP-R-UJN-512887452)
- January 21, 2024 - $2,275.86 (Dispute Case ID: PP-R-ZCM-512887453)
- January 21, 2024 - $2,540.45 (Dispute Case ID: PP-R-TTE-512887454)
- January 21, 2024 - $2,540.45 (Dispute Case ID: PP-R-RKN-512887455)
- January 21, 2024 - $2,275.86 (Dispute Case ID: PP-R-ZSZ-512887456)
- January 21, 2024 - $2,151.19 (Dispute Case ID: PP-R-HAK-512887457)
- January 21, 2024 - $2,459.33 (Dispute Case ID: PP-R-ZUT-512887458)
- January 21, 2024 - $2,151.19 (Dispute Case ID: PP-R-IEQ-512887460)
- January 21, 2024 - $2,151.19 (Dispute Case ID: PP-R-IDW-512887461)
- January 21, 2024 - $2,069.36 (Dispute Case ID: PP-R-HSQ-512887462)
- January 21, 2024 - $2,151.19 (Dispute Case ID: PP-R-DKU-512887463)
- January 21, 2024 - $2,540.45 (Dispute Case ID: PP-R-TCZ-512887464)
- January 21, 2024 - $2,679.52 (Dispute Case ID: PP-R-YLR-512887465)
- January 21, 2024 - $2,540.45 (Dispute Case ID: PP-R-ZRQ-512887466)
- January 21, 2024 - $2,459.33 (Dispute Case ID: PP-R-OYD-512887467)
- January 21, 2024 - $2,275.86 (Dispute Case ID: PP-R-XSU-512887468)

16. These nineteen (19) Fraudulent Charges total $44,644.11.

17. The Fraudulent Charges were unauthorized electronic fund transfers under 15 U.S.C. § 1693a(12) and 12 C.F.R. 1005.2(m) since they are transfers from Plaintiff's Account initiated by another person without actual authority to initiate such transfer and from which Plaintiff received no benefit.

18. The Fraudulent Charges were for products sent to the following addresses where Plaintiff has no residence or association:

- 5602 Sheila Avenue, Las Vegas, NV 89108
- 6437 Little Pine Way, Las Vegas, NV 89108
- 1943 Satro Lane, Las Vegas, NV 89106
- 2470 Silk Tree Mimosa Street, Las Vegas, NV 89115

- 6614 Blue Diamond Road, Unit 1224, Las Vegas, NV 89139
- 725 S. Hualapai Way, Apt. 1129, Las Vegas, NV 89145

19. Plaintiff immediately contacted PayPal, eBay, and other creditors to report the Fraudulent Charges and to freeze her accounts.

20. During her initial call with PayPal on January 21, 2024, the representative advised her to change her password and remove any connected payment information, which she did immediately.

21. On January 22, 2024, Plaintiff and her husband obtained a police report with the Las Vegas Metropolitan Police Department regarding the theft of her identity and the Fraudulent Charges, under Report # LLV240100076642 (the "Police Report").

22. On January 27, 2024, Plaintiff and her husband submitted an Internet Crime Complaint Center report with the FBI regarding the theft of her identity and the Fraudulent Charges (the "IC3 Report").

23. On January 30, 2024, Plaintiff submitted additional information to the Las Vegas Metropolitan Police Department's Financial Crimes Division (the "Financial Crimes Division").

24. Plaintiff has also been working with a detective from the Financial Crimes Division to pursue criminal charges against the perpetrator(s).

25. Thus far, the detective believes the fraudulent scheme is a "parcel mule scam," whereby the perpetrator(s) fraudulently purchase packages using a victim's account (in this case Plaintiff's Account) and use middlemen to receive and repackage the fraudulently obtained items.

26. The detective further advised that he interviewed the middlemen, who live at the fraudulent addresses listed above, and the middlemen stated they believed they were working for a legitimate company called "Royal Shipping."

27. "Royal Shipping" is a fraudulent company used as part of the "parcel mule scam."

28. Plaintiff has nothing to do with "Royal Shipping," the "parcel mule scam," or the middlemen, and received no benefit from the Fraudulent Charges on her Account.

29. PayPal was specifically made aware of the information concerning the "parcel mule scam" as part of Plaintiff's dispute.

30. On information and belief, PayPal is aware of "parcel mule scams" as part of its business and knew or should have known the Fraudulent Charges were part of such a scheme not involving Plaintiff.

31. On February 7, 2024, Plaintiff obtained a police report with the Federal Trade Commission regarding the theft of her identity and the Fraudulent Charges, under Report # 169211128 (the "FTC Report").

32. Plaintiff provided PayPal with the Police Report, IC3 Report, and FTC Report to investigate and reverse the Fraudulent Charges.

33. Plaintiff submitted her dispute to PayPal in under 60 days from receipt of the Account statements showing the Fraudulent Charges.

34. On February 9, 2024, despite complying with each of PayPal's requests, PayPal notified Plaintiff that it denied her disputes and refused to reverse the Fraudulent Charges.

35. On March 1, 2024, despite Plaintiff's numerous disputes and police reports provided to PayPal, PayPal transferred the Fraudulent Charges to a debt collector (ACI-US).

36. PayPal's investigation was unreasonable.

37. PayPal should have discovered from its own records and Plaintiff's Police Report, IC3 Report, and FTC Report, that the Fraudulent Charges were unauthorized and fraudulent transactions.

38. PayPal did not have a reasonable basis for believing that the Fraudulent Charges were legitimate.

39. PayPal knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to PayPal at the time of its investigation.

40. Through this conduct, PayPal violated 15 U.S.C. § 1693f.

41. Through this conduct, PayPal violated 15 U.S.C. § 1693g.

42. To date, despite Plaintiff's persistence in following-up with PayPal and her

willingness to help aid the investigation, PayPal refuses to communicate fully with Plaintiff.

43. PayPal continues to hold Plaintiff responsible for the Fraudulent Charges.

44. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

45. As a direct and proximate result of PayPal's violations, Plaintiff suffered actual damages by incurring the Fraudulent Charges and related fees, charges, and interest.

46. Plaintiff suffered further actual damages through the loss of use of the Account.

47. Plaintiff suffered further actual damages through lost time spent disputing the Fraudulent Charges with PayPal, eBay, other financial institutions, and law enforcement.

**FIRST CLAIM FOR RELIEF**

**[Violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693]**

48. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

49. PayPal's actions as set forth in this Complaint violate the Electronic Funds Transfer Act ("EFTA").

50. The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems." 15 U.S.C. § 1693(b).

51. The foregoing acts and omissions constitute multiple violations of EFTA, including without limitation, §§ 1693f and 1693g.

52. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages under 15 U.S.C. § 1693m(a)(1); statutory damages under 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs under 15 U.S.C. § 1693m(a)(3).

**SECOND CLAIM FOR RELIEF**

**[Violations of 15 U.S.C. § 1666]**

53. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

54. The unauthorized use of Plaintiff's Account constitutes a "billing error" as the term is used under the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq*. ("FCBA").

55. Plaintiff's numerous disputes provided substantial evidence demonstrating the Account had at least nineteen (19) billing errors.

56. The disputes were served upon the address PayPal designated.

57. Thus, the disputes are "notices of billing error" as that term is used by the FCBA.

58. Regulation Z, which implements the FCBA, requires a Creditor such as PayPal to conduct a "reasonable investigation" after it receives notice of a billing error.

59. PayPal violated the FCBA, 15 U.S.C. § 1666(a)(3)(B) by failing, within two complete billing cycles after receipt of the disputes, to either fully correct the Fraudulent Charges and transmit to Plaintiff a notification of the corrections or investigate the error and send Plaintiff a written explanation.

60. PayPal failed to conduct a reasonable investigation here. Instead, PayPal verified the Fraudulent Charges despite receiving overwhelming evidence establishing the Fraudulent Charges were not authorized or approved by Plaintiff.

61. Plaintiff is entitled to recover costs and attorneys' fees from PayPal in an amount to be determined by the Court.

62. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

63. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

### THIRD CLAIM FOR RELIEF

### [Violations of 15 U.S.C. § 1643]

64. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

65. The Truth in Lending Act generally precludes a credit card issuer from imposing more than $50 in liability for unauthorized use of a credit card under 15 U.S.C. § 1643.

66. The Fraudulent Charges represent an "unauthorized use" as each were not made by a person who had actual, implied, or apparent authority for such use.

67. Plaintiff received no benefit from the Fraudulent Charges.

68. Plaintiff provided notice to PayPal of the unauthorized use in the Initial Dispute and Supplemental Disputes.

69. From these communications, PayPal had all pertinent information about the unauthorized use.

70. Because the Fraudulent Charges were unauthorized, Plaintiff's liability was limited to $50.

71. Nonetheless, PayPal demanded payment for the full Fraudulent Charges plus costs, charges, and interest.

72. As a result, PayPal violated the Trust in Lending Act's unauthorized use limitation under 15 U.S.C. § 1643.

73. Violations of the unauthorized use limitation are actionable under 15 U.S.C. § 1640.

## FOURTH CLAIM FOR RELIEF

### [Breach of Contract]

74. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

75. Plaintiff and PayPal entered into a valid and existing contract for the Account as set forth above.

76. Plaintiff performed all obligations under the contracts or was excused.

77. PayPal breached the contracts as set forth above.

78. As a result of PayPal's breach, Plaintiff sustained damages as described above, which will be proven at trial.

79. As a result of PayPal's breach of contract, Plaintiff is entitled to entry of judgment as stated herein.

## FIFTH CLAIM FOR RELIEF

### [Breach of Covenant of Good Faith and Fair Dealing]

80. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

81. Plaintiff entered into a valid and enforceable contract with PayPal.

82. Every contract in Nevada includes an implied covenant of good faith and fair dealing, under which each party must act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party.

83. Plaintiff performed all terms, covenants, and conditions of the contract.

84. PayPal breached the implied covenant of good faith and fair dealing by failing and/or refusing to take all actions reasonable and necessary to release the Fraudulent Charges against Plaintiff.

85. PayPal breached the implied covenant of good faith and fair dealing by failing and/or refusing to take all actions reasonable and necessary to investigate the Fraudulent Charges and return Plaintiff's Account to a positive status.

86. Through these actions and inaction, PayPal failed to act in a manner that is faithful to the purpose of the contract and the justified expectations of Plaintiff.

87. As a result of PayPal's breach of the implied covenant of good faith and fair dealing, Plaintiff suffered damages as described above.

88. As a result of PayPal's breach of the implied covenant of good faith and fair dealing, Plaintiff has been forced to retain the services of legal counsel for which each are entitled to recover such fees, costs, and expenses from Invitation.

### SIXTH CLAIM FOR RELIEF

### [Unjust Enrichment]

89. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

90. Plaintiff conferred an economic benefit to PayPal.

91. PayPal received, accepted, and retained such benefit from Plaintiff, but has failed to pay for said benefit.

92. PayPal's failure and/or refusal to reimburse Plaintiff for the monies constitutes the unjust enrichment of PayPal at the expense of Plaintiff.

93. Under such circumstances, it would be inequitable for PayPal to retain the benefit without payment of the value thereof.

94. As a result of PayPal's breach, Plaintiff sustained damages to be proven at trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages in the amount of double the finance charge with a minimum award of $500 and a maximum award of $5,000, or such higher amount as may be appropriate in light of Defendant's pattern or practice of noncompliance under 15 U.S.C. § 1640(a)(2);
3. For an order requiring PayPal to forfeit any right to collect the first $50 of the disputed amount and any finance charges from Plaintiff under 15 U.S.C. § 1666(e);
4. An award of actual damages under 15 U.S.C. § 1693m(a)(1) for Plaintiff;
5. An award of damages under 15 U.S.C. § 1693f for Plaintiff;
6. An award of statutory damages of no less than $100 nor greater than $1,000 under 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
7. For an order requiring Defendant to credit Plaintiff with the disputed amount and any related finance charge or other charges;
8. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
9. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: May 8, 2024

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***